Argued and submitted February 7, affirmed March 2, 1994

## J.C. REEVES CORPORATION,
*Petitioner,*

*v.*

## SHERWOOD EDUCATION DISTRICT NO. 88J,
*Respondent.*

(LUBA 93-103; CA A82415)

869 P2d 885

William C. Cox argued the cause and filed the brief for petitioner.

Timothy J. Sercombe argued the cause for respondent. With him on the brief was Preston Thorgrimson Shidler Gates & Ellis.

James E. Green filed a brief *amicus curiae* for Oregon School Boards Association.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Riggs, Judge.

DEITS, P. J.

.

## DEITS, P. J.

■   Petitioner seeks review of LUBA's dismissal of its appeal from respondent school district's decision not to initiate proceedings to change the district's boundaries. LUBA concluded that it lacked jurisdiction over the appeal. We affirm.

LUBA concluded that the district's refusal to initiate proceedings to adjust its boundaries was neither a "statutory land use decision" subject to its review, nor a decision within LUBA's jurisdiction because of a "significant impact" on present or future land use. Insofar as petitioner's arguments to us challenge those conclusions or the reasons offered by LUBA for reaching them, we reject the arguments and adopt LUBA's analysis and conclusions.

The only issue that requires further discussion in this opinion is presented by petitioner's contention that the district has not complied with *former* ORS 197.185(2) (*see* ORS 195.020),[1] which required:

> "Each special district operating within the boundaries of a county assigned coordinative functions under ORS 197.190(1), or within the boundaries of the Metropolitan Service District, which is assigned coordinative functions for Multnomah, Washington and Clackamas counties by ORS 197.190(1), shall enter into a cooperative agreement with the county or the metropolitan district. Such agreements shall include a listing of the tasks which the special district must complete in order to bring its plans or programs into compliance with the goals, including a generalized time schedule showing when the tasks are estimated to be completed and when the plans or programs which comply with the goals are to be adopted. In addition, a program to coordinate the development of the plan and programs of the district with other affected units of local government shall be included in the agreement. Such agreements shall be subject to review by the commission. The commission may provide by rule for periodic submission and review of special district plans and programs to assure that the plans or programs are in compliance with the goals or, if a city or county comprehensive plan for the area within which the district lies is acknowledged,

---

[1] We assume for purposes of this opinion that the petitioner is correct that the district has not complied with this statute.

the plans and programs of the districts are coordinated with the acknowledged comprehensive plan."

Petitioner also relies on ORS 197.250, which requires special district "plans, programs, rules or regulations affecting land use" to comply with the statewide planning goals.

Petitioner maintains that the district's failure to enter into the agreement required by *former* ORS 197.185(2) requires the district to apply the statewide planning goals to its decision making. The thrust of petitioner's argument is that the district's noncompliance with certain land use statutes has some independent bearing on whether the district was required to apply the goals to this decision. LUBA responded, in effect, that one thing has nothing to do with the other: whether the goals are applicable here depends on the nature of *this* decision, and not on whether the district is in compliance with the land use laws and goals for other purposes.

■ Again, we agree with LUBA. It is conceivable that the district's noncompliance, if any, might have some effect on what it, LUBA, and we must do in connection with its actions that do constitute land use decisions or involve planning activities. However, actions that are not land use decisions or exercises of planning authority do not become subject to the land use laws simply because the body taking them has failed to comply with those laws in some unrelated respect.

Affirmed.